UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20336-JEM

JESUS GONZALEZ

      Plaintiff,

      vs.

LUPE CASTILLO SALADRIGAS CO-TRS.

      Defendant.

_____/

## MOTION FOR COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

COME NOW, the parties jointly and file this Motion for approval, adoption and entry of the attached Consent Decree (Exhibit 1) and in support thereof, state as follows:

1. On January 1, 2024, Plaintiff filed a Complaint for Injunctive relief against Defendant alleging it violated the Americans with Disabilities Act of 1990.

2. Whereas, the parties, in an effort to resolve this matter and not expend further time, resources and energy, wish to resolve this dispute via the attached Consent Decree.

3. The parties are in agreement on all terms and request that the Court retain jurisdiction over their settlement via entry of the attached Consent Decree.

WHEREFORE, the parties, jointly, respectfully request that this Court enter the attached Consent Decree upon its filing.

Respectfully submitted,

/s/ Alberto R. Leal, Esq.
Alberto R. Leal, Esq., P.A.
Florida Bar No.: 1002345
8927 Hypoluxo Rd., #157
Lake Worth, FL 33467
Telephone: (954) 637-1868
albertolealesq@gmail.com
Counsel for Plaintiff

/s/Raul Gastesi, Esq.
Raul Gastesi, Jr., Esq
Gastesi Lopez & Mestre, PLLC
8105 N.W. 155 STREET
Miami Lakes, FL 33016
TEL: 305-818-9993
FAX: 305-818-9997
Email: gastesi@glmlegal.com
Counsel for Defendant

Cc: Counsel of record via CM/ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20336-JEM

JESUS GONZALEZ

    Plaintiff,
vs.

LUPE CASTILLO SALADRIGAS CO-TRS.

    Defendant.

_____/

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff JESUS GONZALEZ ("Plaintiff"), Defendant, LUPE CASTILLO SALADRIGAS as Trustee of the Antonio R. Saladrigas Revocable Trust Dated December 3, 1997 ("Defendant") and Maria Rita Lopez as Trustee of the Maria Rita Lopez Revocable Trust Dated February 26, 2021 (Co-owner). Defendant and Co-owner own one half undivided interest each in the subject Property. Plaintiff, Defendant and Co-owner, shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Plaintiff filed this lawsuit in the United States District Court for the Southern District of Florida (the "Action"). Plaintiff alleged that Defendant's property (the "property"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA").

4. Defendant expressly denies that the property violates any federal, state or local law, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates the property which is available as a public accommodation located at 7473 SW 8th St, Miami, FL 33144. Plaintiff contends that Defendant's property and business is a service, privilege, or advantage of the Defendant's physical location, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a).

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact

or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's property could constitute an undue burden, as defined in Title III of the ADA and/or Section 504 but as applied solely to Defendant's property located at the address specified above.

12. The term "including" shall mean "including but not limited to."

13. The term "Defendant" shall include LUPE CASTILLO SALADRIGAS as Trustee of the Antonio R. Saladrigas Revocable Trust Dated December 3, 1997, its parent entities, subsidiaries, divisions, affiliates, successors and assigns, including specifically, but not limited to Defendant. Defendant owns one half undivided interest in the subject Property.

14. Co-Owner shall include Maria Rita Lopez as Trustee of the Maria Rita Lopez Revocable Trust Dated February 26, 2021. Co-owner owns one half undivided interest in the subject Property.

15. The term "property" shall include Defendant's property as specifically referenced in

Plaintiff's Complaint for Injunctive Relief [D.E. #1], specifically:

Lots 19 through 26 inclusive, in Block 2 of Flagami, according to the plat thereof, as recorded in Plat Book 10, Page 51, of the Public Records of Miami-Dade County, Florida.

Parcel Identification Number: 01-4002-003-0760

Also Known As: 7461-7485 SW 8ᵗʰ Street, Miami, FL 33144

## TERM

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for: twelve (12) months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

17. Pursuant to the terms of this Consent Decree, Defendant and Plaintiff stipulate that Defendant's property is currently accessible to individuals with physical impairments and that Defendant shall, at the discretion of Defendant, undertake reasonable efforts to maintain the property as such.

## COMPLIANCE WITH TITLE III OF THE ADA

18. ADA Conformance Timeline: At discretion of Defendant

## SPECIFIC RELIEF TO PLAINTIFF

19. Specific Relief: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the property through a separate confidential side letter which shall not be part of this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

20. The procedures set forth in Paragraphs 20 through 22 must be exhausted in the event that there is a dispute related to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures

have been exhausted.

21. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the specific alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all  material respects; (iii) a statement of  the specific remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal  argument supporting the position of the initiating party. Defendant will notify Plaintiff in writing if it believes there is a criterion of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 25.

22. Within thirty (30) days of either Party receiving notice as described in Paragraph 20, the other Party will respond in writing to the notice. Within thirty (30) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

23. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 21, the Parties will consent to an alternative dispute resolution process beginning with private mediation at the agreement of both parties.

24. If Plaintiff finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

25. Any of the time periods set forth in Paragraphs 20 through 23 may be extended by mutual agreement of the Parties.

26. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For Plaintiff:

Alberto R. Leal, Esq., P.A.
8927 Hypoluxo Rd., #157
Lake Worth, FL 33467
Telephone: (954) 637-1868
albertolealesq@gmail.com

For Defendant:

Raul Gastesi, Jr., Esq
Gastesi Lopez & Mestre, PLLC
8105 N.W. 155 Street
Miami Lakes, FL 33016
TEL: 305-818-9993
FAX: 305-818-9997
Email: gastesi@glmlegal.com

For Co-owner:

Maria Rita Lopez
2625 Collins Ave, #802
Miami Beach, FL 33140
Tel: 305-321-7868
Email: ritalrod@aol.com

## **MODIFICATION**

27. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## **ENFORCEMENT AND OTHER PROVISIONS**

28. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

29. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent

Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

30. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## **PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

31. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA and Section 504 of the Federal Rehabilitation Act, and specifically those who utilize a wheelchair to gain access to the property, which disabled persons shall constitute third-party beneficiaries to this Consent Decree. Such third- party beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

32. Plaintiff and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

33. The signatories represent that they have the authority to bind the respective parties,

Plaintiff and Defendant to this Consent Decree.

34. The Parties acknowledge and agree that, in the event Defendant or any owner, operator or manager of the Property responsible for remediation under this Agreement no longer has an ownership, leasehold, or property interest in the Property by way of the sale or transfer of ownership of the Property, termination of any lease agreement, or closure of the Property (collectively, the "Trigger Date"), all remediation obligations and responsibilities of Defendant and/or such other Released Party, as set forth in this Settlement Agreement, shall cease and Defendant and/or such other Released Party shall be relieved of all further responsibilities of obligations hereunder.

35. The parties have agreed that the only readily achievable modifications on the property are, and shall be, items 22 (iii) through 22 (viii) and 22 (x) of the Complaint [D.E. 1].

## CONSENT DECREE HAS BEEN READ

36. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

*(Signatures on Following Page)*

**Plaintiff:**

*jesus gonzalez*

JESUS GONZÁLEZ

Date: 05/31/2024

**Defendant:**

*Lupe C Saladrigas*

Lupe Castillo Saladrigas as Trustee of the

Antonio R. Saladrigas Revocable Trust Dated December 3, 1997

Date:_____

**Co-owner:**

_____

Maria Rita Lopez as Trustee of the

Maria Rita Lopez Revocable Trust Dated February 26, 2021

Date:_____

Plaintiff: .

*jesus gonzalez*

JESUS GONZALEZ

Date: 05/31/2024

Defendant:

_____

Lupe Castillo Saladrigas as Trustee of the

Antonio R. Saladrigas Revocable Trust Dated December 3, 1997

Date:_____

Co-owner:

*Maria Rita Lopez*

Maria Rita Lopez as Trustee of the

Maria Rita Lopez Revocable Trust Dated February 26, 2021

Date: 6/3/2024